UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERGREEN EAST COOPERATIVE, <br> 1437 N Prospect Avenue, 2nd Floor <br> Milwaukee, Wisconsin 53202, <br><br> Plaintiff, <br><br> v. <br><br> BOTTOMLEY EVERGREENS & FARMS, INC. <br> 6460 Glade Valley Road <br> Ennice, North Carolina 28623-9141, <br><br> and <br><br> THE HOME DEPOT, INC., <br> c/o Corporation Service Company <br> 251 Little Falls Drive <br> Wilmington, Delaware 19808 <br><br> Defendants. | CASE NO. <br><br> JUDGE <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT** <br><br> **Jury Demand Endorsed Hereon** |

For its Complaint against Defendants Bottomley Evergreens & Farms, Inc. ("Bottomley") and The Home Depot, Inc. ("Home Depot"), Plaintiff Evergreen East Cooperative ("Evergreen"), states as follows:

## The Parties

1.  Evergreen is a Wisconsin membership cooperative which is registered with the New York Department of State as a foreign business corporation.

1

2. Evergreen is a cooperative for the distribution and sale of Christmas Trees throughout the boroughs of New York City and surrounding areas.

3. None of the members of Evergreen are residents of North Carolina or Georgia.

4. Bottomley is, on information and belief, a North Carolina corporation with a principal place of business and headquarters in North Carolina.

5. Bottomley is, among other things, a producer and wholesaler of Christmas Trees.

6. Home Depot is, on information and belief, a Delaware corporation with a principal place of business and headquarters in Georgia.

7. Home Depot is, among other things, a retailer of Christmas Trees in the New York region.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

9. This Court also has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this civil action involves claims for relief arising under the laws of the United States.

10. This Court has supplemental jurisdiction over the New York state law claims in this civil action pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court because a substantial part of the events or omissions giving rise to Evergreen's claims occurred in this District.

## **Statement of Operative Facts**

12. Evergreen's business depends on its being able to secure harvesting and delivery of suitable trees of certain species, sizes, and grades before the sales season begins.

13. Bottomley is a producer of Christmas Trees in North Carolina and Virginia and, on information and belief, is a wholesaler of Christmas Trees which it produces itself and which it obtains from third party sources.

14. Home Depot is a major U.S. retailer which markets and sells, among other things, seasonal household decorations and appointments including Christmas Trees to consumers throughout the boroughs of New York City and surrounding areas.

15. In 2019 Evergreen filed suit against Bottomley in this district for, among other things, Bottomley failing to compensate Evergreen for Evergreen introducing Bottomley to Evergreen's contacts in the Canadian Balsam Fir tree markets in 2018.

16. That prior lawsuit was captioned *Evergreen East Cooperative v Bottomley Evergreens & Farms, Inc.*, and was assigned this Court's Case No. 1:19-cv-05360 (the "2019 Lawsuit").

17. The 2019 Lawsuit remains pending as of the date of filing of this Civil Action.

18. This lawsuit involves Bottomley's unfair and deceptive exploitation of its access to the Canadian Balsam Fir Tree market including through the contacts it had because of Evergreen's assistance in 2018.

19. The United States Christmas Tree market has experienced a relative scarcity of high quality trees for the last several years.

20. In especially short supply in the 2018 and 2019 seasons have been high quality Fraser Fir Trees, which are the most desirable trees for use as Christmas Trees by consumers in the United States and which are the most recognized and desired type of fir tree among the consuming public.

21. Fraser Fir trees grow natively in the mid-Atlantic region of the United States and are the species of tree Bottomley grows in North Carolina and Virginia.

22. Balsam Fir trees are also used as Christmas Trees by U.S. consumers, though they have less desirable qualities and are of less desirable durability compared to Fraser Fir. They are also less recognized by the consuming public as premium trees for use as Christmas Trees.

23. Balsam Fir trees grow in northern latitudes, particularly in Canada, are in significantly less short supply than Fraser Fir, and cost significantly less than Fraser Fir in the 2019 season.

24. Evergreen has struggled in recent years to secure an adequate supply of high quality Fraser Fir trees and, due to the scarcity of those trees, has had to pay a premium for them which has significantly reduced its profit margins.

25. In the 2019 Christmas Tree season, Bottomley and Home Depot sold potentially hundreds of thousands of Balsam Fir trees which they intentionally mislabeled and falsely advertised as Fraser Fir trees.

26. In the 2019 season Home Depot sold Balsam Fir trees in the New York area which were falsely advertised as Fraser Fir, falsely designated as Fraser Fir, and which also bore Bottomley's labeling and branding.

27. On December 16, 2019, Home Depot was put on written notice that it was selling falsely-labeled Bottomley Christmas Trees in the New York area and its counsel was provided with documents supporting those claims the next day.

28. Despite being on notice that it was actively perpetrating a fraud on the Christmas Tree purchasing public by selling falsely labeled Bottomley trees, Home Depot took no prompt remediative efforts to prevent the public from being defrauded by the defendants' false advertising.

29. Home Depot continued selling fraudulently-labeled Bottomley trees in at least one of the exact same stores Evergreen had identified December 17, 2019.

30. On information and belief, the Balsam Fir trees that Bottomley intentionally mislabeled as Fraser Fir included trees which were sourced from the contacts which Bottomley obtained from Evergreen in 2018 and which were the subject of the 2019 Lawsuit.

31. As a major producer and wholesaler of Christmas Trees, Bottomley had actual knowledge of the difference between Fraser Fir and Balsam Fir trees, the scarcity and relative value of Fraser Fir for use as Christmas Trees, and the value of the designation of a tree as a Fraser Fir to the consuming public.

32. The defendants had actual knowledge that they were labeling, marketing, advertising, and selling Balsam Fir trees which were falsely designated Fraser Fir and they were doing so as part of a scheme to defraud the consuming public and harm their competitors, including Evergreen.

33. Because they were selling much less expensive Balsam Fir trees which they falsely advertised as being Fraser Fir, the defendants were able to sell their trees more

cheaply and still earn more profit than Evergreen was able with its genuine Fraser Fir trees.

34. As a direct competitor in the Christmas Tree retail sector, Evergreen's sales were harmed by the defendants' conduct because the defendants advertised and sold their intentionally mislabeled Fraser Fir trees at prices which were impossible for Evergreen to meet.

35. As a direct competitor in the Christmas Tree retail sector, Evergreen's sales were further harmed by the defendants' conduct because the consuming public was led to believe that Fraser Fir trees were much less expensive than they were being sold by Evergreen.

36. This lawsuit seeks remedies against Bottomley and Home Depot for selling potentially hundreds of thousands of Balsam Fir trees to consumers which the defendants knowingly mislabeled and falsely advertised as Fraser Fir trees, it seeks an accounting of the defendants' sales of those trees, and it seeks disgorgement of their profits for those sales as well as additional damages due to their willful false advertising.

## Count One
**(False Designation of Origin/False Advertising – 17 U.S.C. § 1125)**

37. Evergreen restates the above as if set out fully herein.

38. The defendants falsely designated the origin of the Balsam Fir trees they sold in the 2019 season by labeling those trees as Fraser Fir in violation of Section 43 of the Lanham Act.

39. The defendants falsely advertised the Balsam Fir trees they sold in the 2019 season by advertising to the consuming public that those trees were Fraser Fir in violation of Section 43 of the Lanham Act.

40. Defendant Bottomley directly and contributorily violated Section 43 of the Lanham Act by its conduct.

41. The defendants' conduct was willful.

42. Evergreen, as a direct competitor of defendants, was damaged by, and is entitled to compensatory damages due to, Defendants' conduct.

43. Evergreen is entitled to an accounting and equitable disgorgement of any and all profits the defendants earned in connection with their willful false designation of origin and false advertising of Christmas Trees.

44. Evergreen is entitled to additional damages including its costs and attorney fees due to defendants' willful violation of the Lanham Act.

## Count Two
### (Deceptive Trade Practice – N.Y. Bus. L. § 349)

45. Evergreen restates the above as if set out fully herein.

46. The deceptive acts of the defendants described above were directed at consumers of Christmas Trees in the New York area in the 2019 season.

47. The defendants' conduct was misleading to the consuming public because they quite literally mislabeled their Balsam Fir trees as Fraser Fir in their product labels, advertising, and receipts.

48. As a competitor, Evergreen was harmed by Home Depot's conduct and Bottomley's contribution to that conduct.

49. Evergreen is entitled to compensatory damages, equitable accounting and disgorgement of defendants' profits, punitive damages, and its attorney fees due to defendants' willful misconduct and deceptive trade practices.

WHEREFORE, Plaintiff Evergreen East Cooperative, requests this Court to:

    A.    Award Evergreen damages in an amount to be determined at trial;

    B.    Order Defendants Bottomley Evergreens & Farms, Inc. and The Home Depot, Inc., to account for every Christmas Tree they sold in 2019 labeled or sold as a Fraser Fir and to award Evergreen Defendants' profit for each tree sold which the defendants cannot prove was actually a Fraser Fir;

    C.    Award Evergreen its costs and attorney fees; and

    D.    Award Evergreen any other relief to which it is entitled.

    Respectfully Submitted,
**Ross M. Babbitt Co., LPA**

/s/ Ross M. Babbitt

Pro Hac Vice Admission Pending:
Ross M. Babbitt (0072946)
   rbabbitt@babbitt-lawfirm.com
1382 West 9th Street
Suite 220
Cleveland, Ohio  44113
(216) 623-6346

Brian Rappaport
BRIAN C. RAPPAPORT P.C.
100 Merrick Road
Suite 318W
Rockville Centre, New York 11570
TEL: 516-742-6487
FAX: 516-742-0974
Email: brian@Rappaportpc.com

Attorneys for Plaintiff Evergreen East Cooperative

## **Jury Demand**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, for all issues so triable Plaintiff Evergreen East Cooperative demands a jury of the maximum amount of jurors allowed by law.

    /s/ Ross M. Babbitt

Attorney for Plaintiff