UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERGREEN EAST COOPERATIVE,<br><br>        Plaintiff,<br><br>v.<br><br>BOTTOMLEY EVERGREENS &<br>FARMS, INC., *et al.*<br><br>        Defendants. | 20-cv-00184-AJN<br><br>Hon. Alison J. Nathan<br><br><br>MEMORANDUM OF LAW IN SUPPORT<br>OF DEFENDANTS' MOTION TO DISMISS |

      Defendants Bottomley Evergreens & Farms, Inc. ("Bottomley") and The Home Depot,

Inc. ("Home Depot") (collectively, "Defendants") respectfully submit this memorandum of law

in support of their Motion to Dismiss all counts and causes of action alleged in Plaintiff

Evergreen East Cooperative's Complaint (the "Complaint").

## PRELIMINARY STATEMENT

      Relying on federal and state law, Plaintiff asks this Court for an accounting of,

disgorgement of any profits from, and "additional damages" resulting from the sale by

Defendants of "potentially hundreds of thousands" of Christmas trees during the 2019 holiday

season "throughout the boroughs of New York City and surrounding areas."  Compl. ¶¶ 14, 36.

The request is remarkable, not just for its breadth and scope, but, upon examination, more for the

utter lack of factual support on which it rests.

      As to its federal false advertising / designation of origin claim, Plaintiff has failed to

plead any non-conclusory allegations whatsoever that:  (1) Defendants made any representation

at all as to the geographic origin of any of the Christmas trees at issue; (2) any allegedly false

label or advertising materials concerning the trees were ever seen by any consumer; (3) any

purported labels or advertising likely influenced any consumer's purchasing decision; and (4) any

alleged false representation of Defendants caused any injury to Plaintiff.  Having failed to offer more than what the Supreme Court describes as "[t]hreadbare recitals of the elements of a cause of action,"[1] Plaintiff's Lanham Act claim is fatally flawed.  Likewise, Plaintiff's New York law-based claim suffers from the fatal omission of a necessary pleading predicate:  Plaintiff fails to allege that the acts complained of caused harm to the public interest.  Accordingly, both of Plaintiff's claims fail as a matter of law and the Complaint should be dismissed.

## FACTUAL BACKGROUND

This case involves the sale of Christmas trees in the New York City metropolitan area.  *See* Compl. ¶¶ 25-29.  Although the Complaint includes a number of extraneous "background" factual assertions, the central allegations of the Complaint are that Defendants mislabeled trees sold during the 2019 holiday season, that those sales and associated advertising by Defendants (whom Plaintiff claims are its direct competitors) caused harm to Plaintiff, and that the conduct complained of constitutes violations of Section 43 of the Lanham Act (codified at 15 U.S.C. § 1125) (the "Lanham Act") and Section 349 of the New York General Business Law (N.Y. Gen. Bus. Law § 349 (McKinney 2019) ("§ 349").  *See id.* ¶¶ 34-49.  Specifically, Plaintiff claims that Defendants sold Christmas trees labeled as Fraser Fir trees when, in reality, those trees (or some portion of them) were Balsam Fir trees.  *See, e.g., id.* ¶¶ 25-26.

## LEGAL STANDARD

The interplay of Federal Rules 8(c) and 12(b)(6) is well-settled and straightforward: while courts must accept as true all non-conclusory factual allegations in the complaint, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a pleading that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Nor is it enough to rely on "'naked assertion[s]'

devoid of 'further factual enhancement,'" as courts must take care to "not 'unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions.'"  *Id.,* 556 U.S. at 678-79.

     Plausibility is the touchstone of the analysis and in order to survive a motion to dismiss

under Rule 12(b)(6) the complaint must contain "'sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face.'" *Lokai Holdings LLC v. Twin Tiger USA*

*LLC*, 306 F. Supp. 3d 629, 637 (S.D.N.Y. 2018) (quoting *Iqbal*, 556 U.S. at 678 (citations

omitted)).  As the Supreme Court has noted,

> The plausibility standard is not akin to a "probability requirement,"
> but it asks for more than a sheer possibility that a defendant has
> acted unlawfully.  Where a complaint pleads facts that are "merely
> consistent with" a defendant's liability, it stops short of the line
> between possibility and plausibility of "entitlement to relief."

*Iqbal*, 556 U.S. at 678 (cleaned up).  Moreover, "[d]etermining whether a complaint states a

plausible claim for relief will, as the [Second Circuit] Court of Appeals observed, be a context-

specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.*, 556 U.S. at 679 (citation omitted).  "But where the well-pleaded facts do not permit

the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it

has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## ARGUMENT

**I.   Plaintiff's Lanham Act Claim (Count One) Should Be Dismissed.**

     Citing 17 U.S.C. § 1125, Count One of the Complaint and alleges a violation of "Section

43 of the Lanham Act" based on two theories: false origin designation and false advertising.  *See*

Compl. ¶¶ 38-39.  This count should be dismissed on both theories.

### A.  Plaintiff Fails to Plead Any Facts Supporting a Lanham Act Claim Based on False Origin Designation.

The Complaint is completely devoid of any well-pleaded facts in support of a plausible claim that Defendants are or should be liable for misrepresenting the "geographic origin of [their] or another person's goods" in violation of 15 U.S.C. § 1125(a)(1).  Plaintiff does not allege that Defendants used, supplied, affixed, communicated, or in way made any representation at all regarding the geographic origin of any of the trees allegedly sold.  Nor do any of the other allegations in the Complaint support a reasonable inference that Defendants falsely designated the geographic origin of the trees.  In short, Plaintiff cannot state a claim for false designation of origin in the complete absence of any fact-based, plausible allegations that Defendants made *any* representation at all of the geographic origin of the trees.  Accordingly, to the extent that Count One of the Complaint relies on a false origin designation theory, it fails as a matter of law.

### B.  Plaintiff Has Failed to Sufficiently Plead a Plausible False Advertising Claim under the Lanham Act.

"To prevail on a Lanham Act false advertising claim, a plaintiff must establish that the challenged message is (1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury to the plaintiff."  *Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GMBH*, 843 F.3d 48, 65 (2d Cir. 2016) (citation omitted).  The Complaint fails to state a plausible false advertising claim because it does not include well-pleaded facts establishing the elements of materiality and causation.

The Second Circuit has instructed that "[f]alsity alone does not make a false advertising claim viable," but a "plaintiff must also demonstrate that the false or misleading representation involved an inherent or material quality of the product," which requirement "is essentially one of materiality."  *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 63 (2d Cir. 2016) (citations omitted).  And, consistent with other circuits' use of the term, the Second Circuit has defined

"materiality" as "likely to influence purchasing decisions."  *Id.* (citations omitted).  As one of those sister courts has noted, "[t]he materiality requirement is based on the premise that not all deceptions affect consumer decisions."  *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1251 (11th Cir. 2002).  Thus, even if an advertisement is literally false (and properly pled as such), plaintiff must still plausibly plead that the falsity at issue was material – that is, the plaintiff must make the necessary showing that the specific alleged misrepresentation "was likely to influence the consumers' purchasing decisions."  *See Apotex Inc.*, 823 F.3d at 68 (affirming district court's grant of summary judgment on false advertising claims for failure to show materiality); *see also National Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997) (affirming district court's dismissal of false advertising claim under Section 43(a) of the Lanham Act on grounds that alleged false statements involved "nothing more than minutiae" about the service at issue and were "simply irrelevant" in that they "would not influence consumers").

Here, Plaintiff has failed to plead adequately that the statements in question were material.  First, Plaintiff does not allege that the purportedly false advertising was prominent, conspicuous, or even visible on the trees.  Indeed, the Complaint is silent as to any facts relating to the actual labeling, advertising, and marketing by Defendants.  Second, the Complaint does not allege that any such labeling, marketing, and advertising was even noticed or seen by Christmas tree purchasers.  Third, and most importantly (though unsurprisingly, given the first two points), the Complaint fails to include any plausible, fact-based allegation that the purported mislabeling of trees influenced the purchasing decision of the public in any way.  Nor could it.  Though Plaintiff does assert without support that "Balsam Fir trees" are "less recognized by the consuming public as premium trees" (Compl. ¶ 22), Plaintiff does not provide any non-

conclusory allegations that the claimed false product labels, advertising, and receipts (*see, e.g.*, Compl. ¶¶ 32, 47) had any effect at all on consumers' purchasing decisions.

To the contrary, "experience and common sense" (*see Iqbal*, 556 U.S. at 679) indicate that labels or advertising distinguishing sub-species of Christmas trees fade and become "nothing more than minutiae" (*see National Basketball Ass'n*, 105 F.3d at 855) in the context of and the circumstances under which consumers shop for, and select for purchase, Christmas trees. In the ordinary and common course, potential purchasers of Christmas trees select a candidate tree by physically handling, separating, rotating, and viewing the tree from various angles, before deciding to purchase – a decision that is based on his or her own (and often, close) inspection of the specific tree and a determination of the tree's value, suitability, and personal preference.

In sum, Plaintiff does not allege (nor is it plausible to assume in the absence of such allegations) that any consumer purchased any of the trees at issue in reliance on a Fraser Fir advertisement or label and the Complaint is without any facts establishing that any such marketing influenced in any way the decision to purchase any given Christmas tree.[2] Plaintiff has not pled facts sufficient to state a plausible claim that allegedly mislabeling Balsam Fir Christmas trees as Fraser Firs is material under the Lanham Act. Failing to make that necessary showing, Count One of the Complaint fails as a matter of law and should be dismissed. *See Apotex Inc.*, 823 F.3d at 68.

Likewise, the Complaint does not include well-pleaded allegations that any act or omission of Defendants actually caused any injury to Plaintiff that is cognizable under the Lanham Act. As noted above, materiality and injury causation are separate elements of a false

---

[2] Plaintiff cannot plausibly contend that a false notation on a <u>receipt</u> could be material in any way to its claim under the Lanham Act. Such a <u>post-purchase</u> communication cannot plausibly satisfy the requirement that the specific representation complained of likely influenced a consumer purchasing decision.

advertising claim.  In order to satisfy the causation of injury or likelihood of injury element, Plaintiff must plead facts to "establish a logical causal connection between the alleged false advertising and plaintiff's own sales position" sufficient to provide "a reasonable basis for believing that the false advertising will likely cause plaintiff injury." *Procter & Gamble Co. v. Ultreo, Inc.*, 574 F. Supp. 2d 339, 350 (S.D.N.Y. 2008) (citations omitted).  Here, Plaintiff has pled no such facts and can make no such showing.  In order to make this logical causal connection, the relevant characteristics between Plaintiff's products and those offered by Defendants – namely, prices and quality – would have to be comparable.  If, for example, Plaintiff's comparable Christmas tree prices (by size and quality) are always higher than those offered by Defendants (regardless of tree species), Plaintiff could not plausibly claim any lost sales caused by the alleged mislabeling.   Under those circumstances, and without providing any well-pled facts establishing the contrary, Plaintiff cannot make the required causal connection between the alleged false advertising and its own sales position sufficient to support causation. Plaintiff's Lanham Act should be dismissed.

## II.    Plaintiff's State Law-Based Deceptive Trade Practice Act Is Likewise Legally Flawed and Should Be Dismissed.

Plaintiff's second cause of action alleges that Defendants engaged in deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.  Compl. ¶¶ 45-49.  To establish a *prima facie* case under § 349, "a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000)).  While business competitors may bring a claim under § 349, the Second Circuit has held that "the gravamen of the complaint must be consumer injury or harm to the public interest." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir.1995) (citations omitted), *quoted in Eyal R.D.*

*Corp. v. Jewelex New York Ltd.*, 784 F. Supp. 2d 441, 450 (S.D.N.Y. 2011).  Competitors suing under § 349 must allege conduct that has "significant ramifications for the public at large" to satisfy this standard, such as "potential danger to the public health or safety."  *Gross v. Bare Escentuals Beauty, Inc.*, 632 F. Supp. 2d 293, 299 (S.D.N.Y. 2008) (citations omitted).

Here, Plaintiff fails to allege any harm to the public interest in its Complaint.  Rather, the gravamen of the Complaint focuses on the alleged harm to Plaintiff as a presumed competitor.  *See* Comp. ¶¶ 34-35, 48.  Plaintiff's sole allegation regarding the public interest is that "defendants' conduct was misleading to the consuming public."  *Id.* ¶ 47.  However, as this Court has noted, "consumer confusion" does not create a cause of action under § 349, "[d]anger to the public safety and health does."  *See Gross*, 632 F. Supp. at 299; *see also Narrative Ark Entertainment LLC v. Archie Comic Publications, Inc.*, 2017 WL 3917040, at *6 (S.D.N.Y. Sept. 5, 2017).  Plaintiff's § 349 claim is fatally flawed because it fails to allege harm to the public interest.  Count Two of the Complaint should be dismissed.

**CONCLUSION**

For the reasons set forth above, Defendants Bottomley Evergreens & Farms and Home Depot respectfully request that the Court dismiss the Complaint in its entirety with prejudice.

Dated: April 13, 2020                    Respectfully submitted,

                                         CROWELL & MORING LLP


                                   By: /s/ *Sarah M. Gilbert*
                                         Sarah M. Gilbert
                                         590 Madison Avenue
                                         New York, New York 10022
                                         (212) 223-4000
                                         sgilbert@crowell.com

                                         Of Counsel:

                                         Kelly A. Cameron
                                         WALL BABCOCK LLP
                                         1076 West Fourth Street
                                         Winston-Salem, NC 27101
                                         (336) 714-1226
                                         kcameron@wallbabcock.com

                                         *Counsel for Defendants Bottomley Evergreens*
                                         *& Farms, Inc. and The Home Depot, Inc.*