# ROSS M. BABBITT CO., LPA

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2020
```

April 17, 2020

**BY ECF**

The Honorable Judge Alison J. Nathan
U.S. District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 2102
New York, NY 10007

*Re:   Evergreen East Cooperative v Bottomley Evergreens & Farms, Inc., et al., United States District Court for the Southern District of New York Case No. 1:20-cv-184*

Dear Judge Nathan:

I am lead counsel for the plaintiff in this matter, Evergreen East Cooperative ("Evergreen"). By this letter, Evergreen respectfully provides notice pursuant to the Court's April 14, 2020, Order [Dkt. 24] and the Court's Individual Practices in Civil Cases that it intends to amend its Complaint on or before May 4, 2020. Civ.R. 15(a)(1)(B).

In addition to the preceding notice of intent to amend its pleading, Plaintiff respectfully makes two requests bearing on the pleadings and necessary parties to this litigation:

1. Plaintiff Requests Leave To Add Whole Foods Market Group, Inc. ("Whole Foods") As A Party Defendant.

2. Plaintiff Requests The Court Open Fact Discovery For Purposes Of Identifying Other Necessary Party Defendants.

---

1382 West 9th Street
Suite 220
Cleveland, Ohio 44113

PHONE   (216) 623-6346
E-MAIL   rbabbitt@babbitt-lawfirm.com

**Background**

Evergreen has seasonally operated dozens of stands selling Christmas Trees in New York City for over 40 years.  In mid-December 2019 Evergreen learned that two of its direct competitors - Defendants Bottomley Evergreens & Farms, Inc. ("Bottomley") and The Home Depot, Inc. ("Home Depot") - were selling imported Canadian Balsam Fir trees mislabeled as Fraser Fir trees grown in the United States.  This was of serious concern to Evergreen because Balsam Fir trees are less expensive, less scarce, and less desirable to the consuming public than Fraser Fir trees and Evergreen was struggling to procure and sell Fraser Fir at an affordable price in the 2019 season.  Evergreen filed this lawsuit January 9, 2020, seeking a variety of remedies against Bottomley and Home Depot for that conduct.

Since January 2020, Evergreen has substantiated from a variety of sources that Bottomley sold these same falsely-labeled Balsam Fir trees through the Whole Foods retail chain in the New York City region and well may have sold more of these fraudulently-labeled products through other retail partners in the New York City region, all of whom should be parties to this single lawsuit.

1. **Request To Add Whole Foods As A Party Defendant**

Mindful of this Court's instruction in its form Civil Case Management Plan and Scheduling Order that leave of Court must be obtained before any parties are added or amended pleadings filed, Evergreen respectfully requests leave to add Whole Foods as a party defendant in its Amended Complaint.  As of this writing, the pleadings remain open and no case management deadlines have been set.  Especially in light of how promptly Evergreen brought this suit against Bottomley, Evergreen respectfully urges that its adding a new party at this juncture will not cause any undue prejudice to any party or undue delay to these proceedings.

2. **Request To Open Fact Discovery For The Purpose Of Identifying All Necessary Party Defendants.**

Evergreen and counsel for the defendants scheduled a Civ.R. 26(f) conference to take place on April 17, 2020, following which Evergreen intended to promptly serve discovery requests and third party subpoenas calculated to identify every other of Bottomley's retail partners through which it sold falsely-labeled Balsam Fir trees.

Following the Court's April 14, 2020, Order adjourning the May 15, 2020, pre-trial conference, counsel for defendants unilaterally cancelled the Rule 26(f) conference, depriving Evergreen of an opportunity to pursue this needed discovery by operation of Civ.R. 26(d). Until the Court reschedules an initial pretrial conference, there will be no deadline by which the parties must conduct their initial Rule 26(f) conference, and Evergreen will be deprived of any ability to use civil discovery to identify the parties necessary to this lawsuit to afford complete and consistent relief for the conduct at issue.

Evergreen respectfully urges that it should be granted leave pursuant to this Court's authority under Civ.R. 26(d) to pursue discovery from the defendants and third parties which would tend to identify other retail outlets through which Bottomley sold falsely-labeled Balsam Fir trees in the New York City region. Granting leave to pursue this discovery at this juncture should have the effect of streamlining and expediting the pleadings and addition of other necessary parties and will serve the interest of judicial economy and justice thereby.

For the foregoing reasons, Plaintiff Evergreen East Cooperative respectfully requests that it be granted (1) leave to add Whole Foods Market Group, Inc., as a party defendant to Evergreen's anticipated amended complaint and (2) leave to pursue discovery from defendants and third parties for purposes of identifying the remaining universe of retail partners through which Bottomley sold the Balsam Fir trees at issue in this lawsuit.

Respectfully Submitted:

/s/ Ross Babbitt

Ross M. Babbitt

cc:   All counsel of record by ECF.

> Plaintiff may add Whole Foods as a defendant in its Amended Complaint under Rule 15(a). After Whole Foods appears in this action, the Court will reschedule the initial pre-trial conference in order to address the issue of discovery raised in this letter.
> SO ORDERED.

SO ORDERED.   4/22/20

Alison J. Nathan, U.S.D.J.