UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERGREEN EAST COOPERATIVE, | ) CASE NO. 1:20-cv-184 |
| Plaintiff, | ) JUDGE ALISON J. NATHAN |
| v. | ) |
| BOTTOMLEY EVERGREENS & FARMS, INC. | ) |
| and | ) |
| THE HOME DEPOT, INC., | ) |
| Defendants | ) **FIRST AMENDED COMPLAINT** |
| and | ) **Jury Demand Endorsed Hereon** |
| WHOLE FOODS MARKET, INC., 550 Bowie Street Austin, Texas 78703-4455 | ) |
| New Defendant. | ) |

For its First Amended Complaint against Defendants Bottomley Evergreens & Farms, Inc. ("Bottomley") and The Home Depot, Inc. ("Home Depot") and New Defendant Whole Foods Market, Inc. ("Whole Foods"), Plaintiff Evergreen East Cooperative ("Evergreen"), states as follows:

**The Parties**

1. Evergreen is a Wisconsin membership cooperative which is registered with the New York Department of State as a foreign business corporation.

1

2. Evergreen is a cooperative for the distribution and sale of Christmas trees throughout the boroughs of New York City and surrounding areas.

3. None of the members of Evergreen are residents of North Carolina, Georgia, or Texas.

4. Bottomley is, on information and belief, a North Carolina corporation with a principal place of business and headquarters in North Carolina.

5. Bottomley is, among other things, a producer and wholesaler of Christmas trees.

6. Home Depot is, on information and belief, a Delaware corporation with a principal place of business and headquarters in Georgia.

7. Home Depot is, among other things, a retailer of Christmas trees in the New York City region.

8. Whole Foods is, on information and belief, a Texas corporation with a principal place of business and headquarters in Texas.

9. Whole Foods is, among other things, a retailer of Christmas trees in the New York City region.

## Jurisdiction and Venue

10. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

11. This Court also has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this civil action involves claims for relief arising under the laws of the United States.

12. This Court has supplemental jurisdiction over the New York state law claims in this civil action pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this Court because a substantial part of the events or omissions giving rise to Evergreen's claims occurred in this District.

## Statement of Operative Facts

14. Evergreen's business depends on its being able to secure harvesting and delivery of Christmas trees of certain species, sizes, and grades before the sales season begins and to then be able to offer those trees at a competitive price to customers in New York City.

15. Bottomley is a producer of Christmas trees in North Carolina and Virginia and, on information and belief, is a wholesaler, distributor, and retailer of Christmas Trees which it produces itself and which it obtains from third party sources.

16. Bottomley, on information and belief, sells its Christmas trees direct to customers through retail relationships with large, national retail chains.

17. Home Depot is a major U.S. retailer which markets and sells, among other things, seasonal household decorations and appointments including Bottomley Christmas trees to consumers throughout the New York City and surrounding regions.

18. Whole Foods is a major U.S. grocer and retailer which markets and sells, among other things, Bottomley Christmas trees to consumers throughout the New York City and surrounding regions.

19. The United States Christmas tree market has experienced a shortage of trees, generally, for the last several years.

20. In especially short supply in the 2019 season were Fraser Fir trees, which are the most desirable trees for use as Christmas trees by consumers in the United

States and which are the most recognized and desired type of fir tree among the consuming public.

21. Fraser Fir trees grow natively in the mid-Atlantic region of the United States and are the species of tree Bottomley grows in North Carolina and Virginia.

22. Balsam Fir trees are also sold as Christmas trees to U.S. consumers, though they have less desirable qualities (ie, they dry out and shed needles much more quickly than Frase Fir) and are of less desirable appearance compared to Fraser Fir. They are also less recognized by the consuming public as premium trees for use as Christmas trees.

23. Balsam Fir trees grow in northern latitudes, particularly in Canada, are in significantly less short supply than Fraser Fir, and historically cost significantly less than Fraser Fir.

24. Evergreen struggled in 2019 to secure an adequate supply of Fraser Fir trees and, due to the scarcity of those trees, had to pay a premium for them which it passed on to its customers.

25. In the 2019 Christmas tree season, Bottomley, Home Depot, and Whole Foods sold potentially tens of thousands of Canadian-grown Balsam Fir trees to customers in the New York City and surrounding regions which they mislabeled and falsely advertised as United States-grown Fraser Fir trees.  These Balsam Fir trees which were sold by Defendants advertised and labeled as Fraser Fir are referred to below as the "Counterfeit Trees".

26. On information and belief, Bottomley labeled the Counterfeit Trees with labels reading, "Fresh from the Blue Ridge Mountains" and, "This is a Fraser Fir, its deep green color, freshcut fragrance and superb needle retention make it America's

premier Christmas tree!" A sample of labeling from the Counterfeit Trees which were sold by Defendants in 2019 in the New York City region is attached as Exhibit A hereto.

27. On information and belief, labels identical or substantially identical to Exhibit A were affixed to the Counterfeit Trees sold by Defendants Home Depot and Whole Foods in 2019.

28. Attached as Exhibit B hereto is additional labeling which was affixed to the Counterfeit Trees sold at Home Depot in 2019 which mis-labels the Counterfeit Tree as being a Fraser Fir. That labeling spells out the advantages Home Depot advertised to consumer that the Fraser Fir offers as a Christmas tree (verbatim):

- Most highly awarded Christmas tree
- Superior needle retention with sturdy branches for ornaments
- Soft texture and traditional holiday fragrance

29. On information and belief, the Counterfeit Trees were advertised by Defendants as being Fraser Fir via in-store signage and advertising.

30. Receipts from two Counterfeit Tree which were purchased from a New York City Home Depot store on December 11, 2019, are attached as Exhibit C hereto and clearly indicates that the tree was identified by Home Depot as a Bottomley Fraser Fir.

31. Defendant Whole Foods advertises among its first-listed corporate "Core Value", that "[Whole Foods] partner[s] with farmers and suppliers and carefully vet[s] our products to make sure they meet our high standards by researching ingredients, reading labels and auditing sourcing practices…"
https://www.wholefoodsmarket.com/mission-values/core-values

32. On information and belief, Whole Foods deliberately or negligently failed to comply with its own internal standards by selling the Counterfeit Trees in 2019.

33. On information and belief, Whole Foods sold Fraser Fir and Balsam Fir trees intermixed with each other with signage that indicated all of the trees offered for sale were Fraser Fir.

34. On December 16, 2019, Home Depot was put on written notice that it was selling the Counterfeit Trees in the New York area and its counsel was provided with documents supporting those claims the next day, including images substantially the same as Exhibits A and C to this pleading.

35. Despite being on notice that it was actively perpetrating a fraud on the Christmas tree purchasing public by selling the Counterfeit Trees, Home Depot took no prompt remediative efforts to prevent the public from being defrauded by the defendants' false advertising.

36. Home Depot continued selling Counterfeit Trees for days, and likely for the entire selling season, following its notice from Evergreen that Bottomley's Fraser Fir being sold in its New York City stores were actually Canadian Balsam Fir.

37. As a major producer and wholesaler of Christmas Trees, Bottomley had actual knowledge of the difference between Fraser Fir and Balsam Fir trees, the scarcity and relative value of Fraser Fir for use as Christmas Trees, and the value of the designation of a tree as a Fraser Fir to the consuming public.

38. On information and belief, Bottomley imported 100,000 or more Canadian Balsam Fir trees in 2019 and laundered those trees via its retail partners as the Counterfeit Trees.

39. The defendants had knowledge that they were labeling, marketing, advertising, and selling Balsam Fir trees which were falsely designated Fraser Fir and

they were doing so in a scheme to defraud the consuming public and harm their competitors, including Evergreen.

40. Because the Counterfeit Trees were much less expensive Balsam Fir trees than the Fraser Fir they were being passed off as by Defendants, the defendants were able to sell the Counterfeit Trees more cheaply and still earn more profit than Evergreen was able with its genuine Fraser Fir trees.

41. As a direct competitor in the Christmas Tree retail sector, Evergreen's sales were harmed by the defendants' conduct because the defendants advertised and sold Fraser Fir trees at prices which were practically impossible for Evergreen to meet.

42. As a direct competitor in the Christmas Tree retail sector, Evergreen's sales were further harmed by the defendants' conduct because the consuming public was led to believe that Fraser Fir trees were much less expensive than they were being sold by Evergreen.

43. This lawsuit seeks remedies against Defendants for selling potentially tens or hundreds of thousands of the Counterfeit Trees to consumers which the defendants knowingly mislabeled and falsely advertised as Fraser Fir trees, it seeks an accounting of the defendants' sales of those trees, and it seeks disgorgement of their profits for those sales as well as additional damages due to their willful false advertising.

## Count One
### (False Designation of Origin/False Advertising – 11 U.S.C. § 1125)

44. Evergreen restates the above as if set out fully herein.

45. The defendants falsely designated the origin of the Counterfeit Trees by labeling those trees as Fraser Fir raised in the Blue Ridge Mountains in the United

States in violation of Section 43 of the Lanham Act when the Counterfeit Trees were in fact Balsam Fir trees raised in Canada.

46. The defendants falsely advertised the Balsam Fir trees they sold in the 2019 season by advertising to the consuming public that those trees were Fraser Fir in violation of Section 43 of the Lanham Act.

47. Defendants' advertising of the Counterfeit Trees was false and misleading and material to the consuming public both in terms of Defendants' claim that the Counterfeit Trees were Fraser Fir as well as by their advertising the supposed benefits that a Fraser Fir offers as a Christmas tree.

48. Defendants' false advertising was placed in interstate commerce with sales of Counterfeit Trees in New York City and its surrounding region of at least a 200 mile radius and was material to the consuming public.

49. The defendants' conduct was willful or done with no regard for its truth or falsity.

50. Evergreen, as a direct competitor of defendants, was damaged by, and is entitled to compensatory damages due to, Defendants' conduct.

51. Evergreen is entitled to an accounting and equitable disgorgement of any and all profits the defendants earned in connection with their false designation of origin and false advertising of Christmas trees.

52. Evergreen is entitled to additional damages including damages and attorney fees due to defendants' willful violation of the Lanham Act.

**Count Two**
**(Deceptive Trade Practice – N.Y. Bus. L. § 349)**

53. Evergreen restates the above as if set out fully herein.

54.    The deceptive acts of the defendants described above were directed at consumers of Christmas trees in the New York area in the 2019 season.

55.    The defendants' conduct was misleading to the consuming public because they quite literally mislabeled the Counterfeit Trees as Fraser Fir in their product labels, advertising, and receipts.

56.    As a competitor, Evergreen was harmed by the defendants' conduct.

57.    Evergreen is entitled to compensatory damages, equitable accounting and disgorgement of defendants' profits, punitive damages, and its attorney fees due to defendants' willful misconduct and deceptive trade practices.

WHEREFORE, Plaintiff Evergreen East Cooperative, requests this Court to:

A.    Award Evergreen damages in an amount to be determined at trial;

B.    Order Defendants Bottomley Evergreens & Farms, Inc., The Home Depot, Inc., and Whole Foods Market, Inc., to account for every Christmas tree they sold in 2019 labeled or sold as a Fraser Fir and to award Evergreen Defendants' profit for each tree sold which the defendants cannot prove was actually a Fraser Fir;

C.    Award Evergreen its costs and attorney fees; and

D.    Award Evergreen any other relief to which it is entitled.

Respectfully Submitted,
**ROSS M. BABBITT CO., LPA**


/s/ Ross M. Babbitt
Ross M. Babbitt (Ohio Bar 0072946)
rbabbitt@babbitt-lawfirm.com
Admitted *pro hac vice*
1382 West 9th Street
Suite 220
Cleveland, Ohio  44113
(216) 623-6346

Brian C. Rappaport P.C.
Brian Rappaport
100 Merrick Road
Suite 318W
Rockville Centre, New York 11570
TEL: 516-742-6487
FAX: 516-742-0974
Email: brian@Rappaportpc.com

Attorneys for Plaintiff Evergreen East Cooperative


## Jury Demand

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, for all issues so triable Plaintiff Evergreen East Cooperative demands a jury of the maximum amount of jurors allowed by law.


/s/ Ross M. Babbitt

Attorney for Plaintiff