

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――

Evergreen East Cooperative,

           Plaintiff,

    –v–

Bottomley Evergreens & Farms, Inc., *et al.*,

           Defendants.

20-cv-184 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

Christmas tree distributor Evergreen East Cooperative claims that its rival Bottomley Evergreens & Farms sold mislabeled trees through retail partners including Home Depot and Whole Foods. Bottomley, Home Depot, and Whole Foods move to dismiss. Bottomley and Home Depot contend that consumers would not care whether their trees were Fraser firs (as advertised) or cheaper balsam firs (as they were in fact). Whole Foods contends that Evergreen lumps it in with Home Depot without enough factual support. The Court concludes that Evergreen's allegations support its claims for false advertising and deceptive trade practices, but that it lacks a plausible basis for its claims against Whole Foods. It thus denies Bottomley and Home Depot's motion and grants Whole Foods' motion.

**I.      Background**

For purposes of this motion, the Court takes as true all factual allegations in Evergreen's First Amended Complaint ("FAC"), Dkt. No. 30, and draws all reasonable inferences in its favor.

Vendors frequently market both Fraser and balsam fir trees as Christmas trees. FAC ¶¶ 21–22. Fraser firs, grown predominantly in the mid-Atlantic region of the United States, are

the most recognized and desirable Christmas trees among American consumers. *Id.*. Balsam firs, generally grown in Canada, are less well recognized and desirable. *Id.* ¶¶ 22–23. Balsam firs dry out and shed needles much more quickly. *Id.* ¶ 22. However, they are also cheaper and more available. *Id.* ¶ 23.

Fraser firs were in particularly short supply in the lead-up to the 2019 Christmas season. *Id.* ¶ 24. Evergreen paid more for Fraser firs because of their scarcity, and so was forced to market them to consumers for higher prices. *Id.* Bottomley took a different approach. It imported thousands of balsam firs from Canada, labeled them as Fraser firs, and sold them to consumers throughout the New York area. *Id.* ¶¶ 25, 38. Bottomley and retailers who sold its trees were able to undercut Evergreen's prices for genuine Fraser firs. *Id.* ¶ 40. Apart from a loss of business, Evergreen contends that sales of mislabeled balsam firs damaged its standing with consumers by causing them to believe that its prices were unreasonable. *Id.* ¶ 42.

Home Depot sold many of Bottomley's mislabeled trees. *Id.* ¶¶ 25, 27–29. Home Depot sold these balsam firs with labels prominently describing them as Fraser firs. *Id.* ¶ 28; FAC, Ex. B. Beneath the words "Fraser Fir" printed in large letters, the labels then included three bullet points describing recognized features of Fraser firs: "Most highly awarded Christmas tree"; "Superior needle retention with sturdy branches for ornaments"; "Soft texture and traditional holiday fragrance." FAC ¶ 28; FAC, Ex. B. The Court reproduces the relevant portion of the label below.



Home Depot's in-store signage and advertising also identified the trees as Fraser firs.  FAC ¶ 29.

Evergreen notified Home Depot and its counsel that it was falsely identifying trees in its stores as Fraser firs and provided copies of labels and receipts it had obtained.  *Id.* ¶ 34.  However, Home Depot took no remedial action and continued selling balsam firs labeled as Fraser firs for the rest of the Christmas season.  *Id.* ¶¶ 35–36.

Evergreen's allegations against Whole Foods are much thinner.  It does not identify any labels used by Whole Foods that misidentified balsam firs as Fraser firs.  *See id.* ¶¶ 28–30; FAC, Ex. A–C (labels and receipts from Home Depot).  It does not allege that it notified Whole Foods that any Bottomley trees it sold might have been mislabeled.  Although Evergreen recites many

3

of the same allegations it makes against Home Depot against Whole Foods "on information and belief," the sole basis for these allegations appears to be that "Whole Foods is a major U.S. grocer and retailer which markets and sells, among other things, Bottomley Christmas trees to consumers throughout the New York City and surrounding regions." *Id.* ¶ 18.

Evergreen asserts claims for false advertising under the Lanham Act and deceptive trade practices under New York General Business Law § 349. Bottomley, Home Depot, and Whole Foods move to dismiss.

## II.   Legal Standard

"To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When determining whether a complaint states a claim, a court accepts as true all allegations in the complaint and draws all reasonable inferences in favor of the non-moving party. *Id.*

## III.   Discussion

### A.   False Advertising Under the Lanham Act

"To prevail on a Lanham Act false advertising claim, a plaintiff must establish that the challenged message is (1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury to the plaintiff." *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, 843 F.3d 48, 65 (2d Cir. 2016). Bottomley and Home Depot do not dispute that the labels advertising balsam firs as Fraser firs were false statements in

interstate commerce. They contend that these false statements were neither material nor the cause of any harm to Evergreen. The Court disagrees.

In the Second Circuit, "for a false message to be material, the defendant must have at least 'misrepresented an inherent quality or characteristic of the product.'" *Id.* at 70 (quoting *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 255 (2d Cir. 2014)). Bottomley and Home Depot misrepresented the trees' variety and location of origin. FAC ¶¶ 21–23, 26, 28; FAC, Ex. B. The Second Circuit has expressly declined to decide whether, as in some other circuits, a plaintiff in a false advertising case must make the higher showing that the false advertising was "likely to influence purchasing decisions." *Church & Dwight Co.*, 843 F.3d at 70. In any case, the Court concludes that Evergreen's complaint meets either standard.

Accepting Evergreen's allegations as true and drawing all reasonable inferences in its favor, there are significant differences between balsam and Fraser firs that affect their desirability to consumers and drive the Fraser fir's higher price. Evergreen alleges that balsam firs dry out and shed needles more quickly than Fraser firs. FAC ¶ 22. It also alleges that they are less desirable in appearance and less recognized by the consuming public as premium Christmas trees. *Id.* Bottomley and Home Depot offer no argument as to why shorter shelf life and inferior durability would not influence the purchasing decisions of consumers. They contend that shoppers select trees after close, individual examination and thus aesthetic differences between the varieties are irrelevant. That may well be so (although the Court cannot accept that generalization as fact on a motion to dismiss), but Evergreen has alleged that the trees have qualities consumers care about apart from their appearance. As between two trees that look the same, consumers might prefer (and pay more for) one that will retain its needles longer.

Bottomley and Home Depot's advertising also belies its argument that the variety of tree is irrelevant to consumers. The trees' labels prominently identify them as Fraser firs—twice on just the front of the label. FAC, Ex. B. The label then lists qualities of Fraser firs as selling points to consumers. In isolation, a statement like "superior needle retention" might amount to no more than puffery. *See Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 160 (2d Cir. 2007). But the label does not present this claim as a vague boast about the quality of the seller's trees. Instead, it lists it as a bullet point beneath the heading "Fraser Fir" along with other statements that appear to describe that variety of tree, conveying the message that consumers should select Fraser firs over other Christmas trees because of their particular qualities. Puffery or not, the label reflects that consumers should—and do—care about the difference between Fraser firs and balsam firs.

Bottomley and Home Depot further contend that Evergreen's claims fail because it does not allege that any consumer observed the labels and purchased a tree in reliance on them. Consumer reliance or actual confusion is not an element of a claim for false advertising under the Lanham Act. *See Church & Dwight Co.*, 843 F.3d at 65.

The Court also concludes that Evergreen adequately pleads causation. Evergreen alleges that it lost sales because Bottomley and Home Depot undercut its prices and that it further lost goodwill with consumers because they created the impression that Fraser firs could be obtained and sold more cheaply. FAC ¶¶ 40–42. This is "the classic Lanham Act false-advertising claim in which one competitor directly injures another by making false statements about his own goods or the competitor's goods and thus inducing customers to switch." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 137 (2014) (cleaned up). The Supreme Court has held that a plaintiff adequately pleads proximate cause on these facts. *Id.* at 137–38. This Court

disagrees with Bottomley and Home Depot that a plaintiff needs to plead an encyclopedic set of details about the Christmas tree market, their inventory, and the characteristics of their trees to plausibly allege causation under this well established theory.

The Court thus concludes that Evergreen plausibly alleges false advertising under the Lanham Act against Bottomley and Home Depot.

### B.     Deceptive Trade Practices Under New York Law

New York General Business Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." "To successfully assert a section 349(h) claim, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *City of New York v. Smokes-Spirits.com, Inc.*, 911 N.E.2d 834, 838 (N.Y. 2009). The statute allows "any person who has been injured by reason of any violation of this section" to sue. N.Y. Gen. Bus. Law § 349(h). For the reasons discussed above, the Court concludes that Evergreen has plausibly alleged each of these elements. The labeling of Christmas trees for retail is plainly consumer-oriented conduct; the identification of the trees as Fraser firs was literally false and likely to influence consumer purchasing decisions; and Evergreen lost sales and consumer goodwill as a result.

Bottomley and Home Depot contend that Evergreen's claim nonetheless fails because it fails to plead another element absent from the New York Court of Appeals' authoritative formulation of this state-law cause of action. They contend that because § 349 is a designed to protect the public, Evergreen's complaint fails because it pleads harm to itself, not some harm to public health or safety. Bottomley Br., Dkt. No. 32, at 8 (citing *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)).

7

This characterization of *Securitron Magnalock* is inaccurate.  That case did not create a freestanding requirement that a business competitor asserting a claim under § 349 demonstrate some harm to public safety from the alleged deceptive practice.  In *Securitron Magnalock*, the alleged deceptive conduct was a false report regarding a competitor's product to the New York City Bureau of Standards and Appeals.  *Securitron Magnalock*, 65 F.3d at 258.  The Second Circuit nonetheless upheld competitor standing, reasoning that although the deceptive communication was made to a government agency—and not directly to members of the public—its effects on the public interest were enough to bring it within the ambit of the statute.  *Id.* at 264.  Where the allegedly deceptive communication is made directly to consumers, it is self-explanatory that the conduct is "consumer-oriented," and thus no further showing on this element is required.  *Smokes-Spirits.com, Inc.*, 911 N.E.2d at 838.  Bottomley and Home Depot do not dispute that the labels were consumer-facing or that consumers are harmed when they do not get what they pay for.  To the extent that some district courts have suggested that § 349 requires a separate showing of harm to public safety, that requirement is plainly inconsistent with subsequent pronouncements of the New York Court of Appeals.

The Court thus concludes that Evergreen has plausibly alleged deceptive trade practices under New York law.

C. **Claims Against Whole Foods**

Unlike its allegations against Bottomley and Home Depot, Evergreen's allegations against Whole Foods are not enough to sustain its claims.  Under *Twombly* and *Iqbal*, a plaintiff's "[f]*actual allegations* must be enough to raise a right to relief above the speculative level."  *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).  Thus, while a plaintiff may make allegations on information and belief, those

8

allegations will be sufficient to support a claim for relief only when the factual matter pled supports a plausible inference of culpability.  *Id.*

Evergreen's factual allegations against Whole Foods are sparse.  While it points to specific labels and receipts from Home Depot stores, it lacks any such factual allegations against Whole Foods.  *See* FAC ¶¶ 28, 30.  Evergreen does not identify any false labels on trees sold at Whole Foods.  It makes nearly all of its allegations against Whole Foods on information and belief, and those allegations appear to rest on nothing more than the business relationship between Whole Foods and Bottomley.  Moreover, Evergreen alleges that Bottomley grows at least some Fraser firs, and so the fact that Whole Foods sells Bottomley trees does not support a plausible inference that it necessarily sold mislabeled balsam firs.  *Id.* ¶ 21.  The Court agrees with Whole Foods that Evergreen's claims against it rest on little more than conjecture that any Bottomley trees it sold were mislabeled in the same manner as those sold at Home Depot.  This sort of shot in the dark falls short of what Rule 8 requires.

## Conclusion

For the foregoing reasons, the Court DENIES Bottomley and Home Depot's motion to dismiss (Dkt. No. 31) and GRANTS Whole Foods' motion to dismiss (Dkt. No. 36).  The Court DENIES as moot the earlier motion to dismiss filed before Evergreen amended its complaint (Dkt. No. 22).  The Court will set a status conference by separate order.

This resolves Docket Numbers 22, 31, and 36.

SO ORDERED.

Dated:  March 26, 2021
       New York, New York

ALISON J. NATHAN
United States District Judge