**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVERGREEN EAST COOPERATIVE,<br>Plaintiff<br>v.<br>BOTTOMLEY EVERGREENS & FARMS, INC.; and HOME DEPOT U.S.A, INC.,<br>Defendants | Case No. 1:20-cv-184<br>JUDGE ALLISON J. NATHAN |

**STIPULATED CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER**

WHEREAS, all the parties to this action, Plaintiff Evergreen East Cooperative ("Evergreen East" or "Plaintiff") and Defendants Bottomley Evergreens & Farms, Inc. ("Bottomley") and Home Depot U.S.A., Inc. ("Home Depot") (collectively "Defendants") (and all collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential-Attorney's Eyes Only" pursuant to and as defined herein below in this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person (including third parties providing discovery in this action) producing or disclosing Discovery Material ("Producing Party") may (but shall not be required to) designate as "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual; or

(e). any other category of information this Court subsequently affords confidential status.

It is the intention of the Parties to permit designation documents and information under this first level of confidentiality on a limited basis, usually for example with regard to Confidential

Discovery Material that falls within the above subcategories but which is not as recent or as personally or presently competitively sensitive as that in the category described in paragraph 3 below.

3. The Party or person producing or disclosing Discovery Material may (but shall not be required to) designate as "Highly Confidential-Attorney's Eyes Only" only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, pricing and cost information, and sales margins); and

(b). material which is reasonably considered by the producing Party to be highly sensitive because it contains proprietary business or personal information that the producing Party reasonably considers would be harmful if disclosed to the opposing Party.

It is the intention of the Parties to permit designation of documents and information under this more restricted level of confidentiality only on a limited basis, usually for example with regard to Confidential Discovery Material that is of a personal nature unrelated to the allegations and defenses in the pleadings, or which relates to relatively recent or future competitive business information, business planning or projections thereof.

4. With respect to the Confidential or Highly Confidential-Attorney's Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may so designate such portion by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential-Attorney's Eyes Only" the protected portion in a

manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential-Attorney's Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential" or "Highly Confidential-Attorney's Eyes Only;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be so designated, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been so designated.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated some portion(s) of Discovery Material consistent with this Order that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential" or "Highly Confidential-Attorney's Eyes Only" consistent with such designation.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

9. Where a Producing Party has designated Discovery Material as Highly Confidential-Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the following persons:

(a) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(b) regularly employed in-house counsel for a Party and their paralegal, clerical, and administrative assistants;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such

person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(h) this Court, including any appellate court, its support personnel, and court reporters.

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), 8(g), 9(d), or 9(f) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. In making any filings containing or referencing any materials protected under this Order, the Parties shall follow the procedures in paragraph 4.B. of this Court's Individual Practices:

(a) Any Motions or Letter Motions for approval of sealed or redacted filings, including the proposed sealed document(s), must be filed electronically through the court's ECF system.

(b) The motion must be filed in public view, explain the particular reasons for seeking to file the information under seal, and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or

redacted only to the extent necessary to safeguard information sought to be filed under seal.

(c) The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

(d) Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing Party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted documents with the redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

(e) To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing. In general, the Parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.

(f) Any Party seeking leave to file sealed or redacted materials should meet and confer with any opposing Parties (or third parties seeking confidential treatment of the information, if any) in advance to narrow the scope of the request. When a Party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that Party

shall notify the opposing Party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials.

(g) Any Party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

12. The Court retains discretion whether to afford confidential treatment to any Discovery Material designated pursuant to this Order and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated pursuant to this Order.

13. Any Party who objects to any designation by a Party hereunder may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 1.C. of this Court's Individual Practices.

14. Recipients of Discovery Material designated pursuant to this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Discovery Material designated pursuant to this Order and in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. The inadvertent production by any Party of any Discovery Material that is subject to any applicable privilege, the work product doctrine, or otherwise immune or exempt from discovery shall not operate as a waiver of the Producing Party's privilege or other right to assert a defense to production of such Material. If a Producing Party inadvertently discloses any such exempt Discovery Material, the Producing Party shall notify the receiving Party in writing and request that the material be returned, sequestered, designated in accordance with this Order and protected accordingly, or destroyed. No Party subject to this Order shall thereafter assert that such disclosure waived any privilege or immunity. The receiving Party will immediately refrain from using the Discovery Material so identified in a manner contrary to the restrictions of this Order (including any copies thereof as well as any notes or other materials reflecting the content of any such item) until any dispute of the propriety of the claim of privilege is resolved.

18. Within 60 days of the final disposition of this action—including all appeals—all recipients of Discovery Material designated pursuant to this Order must destroy all such materials—including all copies thereof. By the end of the 60-day deadline, the recipient must certify the destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of such Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain such Discovery Material. Any such archival copies that contain or constitute Discovery Material designated pursuant to this Order remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Discovery Material designated pursuant to this Order is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

______________________________
Dated
New York, New York

SO ORDERED

______________________________
Allison J. Nathan
United States District Judge

SO STIPULATED AND AGREED.

/s/ *Ross M. Babbitt*
Ross M. Babbitt
Ross M. Babbitt Co., LPA
1382 W. 9th Street, Suite 220
Cleveland, OH 44113
Phone: 216-623-6346
Email: rbabbitt@babbitt-lawfirm.com
*Attorney for Plaintiff Evergreen East Cooperative*

/s/ *G. Gray Wilson*
G. Gray Wilson *(admitted pro hac vice)*
Nelson Mullins Riley & Scarborough LLP
380 Knollwood Street
Suite 530
Winston Salem, NC 27103
Tel: 336-774-3271
Email: gray.wilson@nelsonmullins.com
*Attorney for Defendant*
*Bottomley Evergreens & Farms, Inc.*

/s/ *Alan F. Kaufman*
Alan F. Kaufman
Nelson Mullins Riley Scarborough, LLP
280 Park Avenue
15th Floor West
New York, NY 10017
Tel:(212) 471-6200
Email: alan.kaufman@nelsonmullins.com
*Attorney for Defendant*
*Bottomley Evergreens & Farms, Inc.*

/s/ *Mark A. Stafford*
Mark A. Stafford *(admitted pro hac vice)*
Nelson Mullins Riley & Scarborough LLP
380 Knollwood Street
Suite 530
Winston Salem, NC 27103
Tel: 336-774-3333
Email: mark.stafford@nelsonmullins.com
*Attorney for Defendant*
*Bottomley Evergreens & Farms, Inc.*

/s/ *Charles Quinn*
Charles Quinn
Graham, Curtin P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ 07962
Tel: (973)-292-1700
Email: cquinn@grahamcurtin.com
*Attorney for Defendant*
*Home Depot U.S.A., Inc.*

/s/ *Ronan Patrick Doherty*
Ronan Patrick Doherty
Bondurant, Mixson & Elmore
1201 West Peachtree Street, NW
Suite 3900
Atlanta, GA 30309
Tel: 404-881-4138
Email: doherty@bmelaw.com
*Attorney for Defendant*
*Home Depot U.S.A., Inc.*

/s/ *William Nicholas Aumenta*
William Nicholas Aumenta
McElroy Deutsch Mulvaney & Carpenter LLP
1300 Mt. Kemble Ave.
P.O. Box 2075
Morristown, NJ 07962
Tel: 973-993-8100
Email: waumenta@mdmc-law.com
*Attorney for Defendant*
*Home Depot U.S.A., Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVERGREEN EAST COOPERATIVE,<br><br>Plaintiff<br><br>v.<br><br>BOTTOMLEY EVERGREENS & FARMS, INC.; THE HOME DEPOT, INC.; and WHOLE FOODS MARKET, INC.,<br><br>Defendants | Case No. 1:20-cv-184<br><br>JUDGE ALLISON J. NATHAN<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ________________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

________________________________
Signature

________________________
Dated